UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARMEN MANUKIAN,

                Plaintiff,

  – against –

PROCIDA CONSTRUCTION CORP.
NEW YORK,

                Defendant.

**ORDER**

23-cv-10249 (ER)

Ramos, D.J.:

The instant action was removed from the Supreme Court of New York on November 21, 2023.  Doc. 1.  On September 5, 2025, the Court granted Procida Construction's motion for summary judgment.  Doc. 33.  The case was closed accordingly on September 8, 2025.  Doc. 34.  On the next day, Manukian filed an objection, which the Court construed as a motion for reconsideration.  Doc. 35, 36.  Procida Construction filed a response to the motion on September 24, 2025.  Doc. 37.  Manukian filed a document titled "Argument" on October 1, 2025.  Doc. 38.  The Court considered this submission as a reply to Procida Construction's response.  On February 3, 2026, Armen Manukian filed a request for appointment of *pro bono* counsel.  Doc. 39.  The request is DENIED.

Courts do not have the power to obligate attorneys to represent *pro se* litigants in civil cases.  *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989).  Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, order that the *Pro Se* Office request that an attorney represent an indigent litigant by placing the matter on a list that is circulated to attorneys who are members of the Court's *Pro Bono* Panel.  *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).  The standards governing the appointment of counsel in *pro se* cases were set forth by the Court of Appeals in *Hendricks v. Coughlin*, 114 F.3d

390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986).  Collectively, these cases stand for the principle that the Court must "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and, if this threshold requirement is met, then the Court must consider additional factors including the *pro se* litigant's "ability to handle the case without assistance," *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392.

Upon reviewing the submissions for the motion for reconsideration, the Court is unable to conclude that Manukian's claims are likely to have merit.  Accordingly, the application for the appointment of *pro bono* counsel is DENIED.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 39.

It is SO ORDERED.

Dated:   February 5, 2026
New York, New York

_____
Edgardo Ramos, U.S.D.J.

2